UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW ALAN LAWRIE,<br><br>                             Petitioner,<br>v.<br><br>SCOTT KERNAN, Secretary of the California Department of Corrections and Rehabilitation,<br><br>                             Respondent. | Case No.:  16cv1656-JAH (DHB)<br><br>**ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION; AND (2) REFERRING PETITION TO THE NINTH CIRCUIT AS SECOND OR SUCCESSIVE** |

**INTRODUCTION**

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Louisa S. Porter, United States Magistrate Judge, and Petitioner's objections thereto. See Doc. Nos. 35, 38. After careful consideration of the entire record, including the R&R and Petitioner's objections, the instant petition for writ of *habeas corpus* (the "Petition") is **DENIED** without prejudice because (1) it is successive; (2) Petitioner did not obtain the requisite authorization from the United States Court of Appeals for the Ninth Circuit to file a successive petition; and (3) this Court lacks jurisdiction to consider it. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that the district court should have dismissed the *habeas* petition at bar for lack of jurisdiction where petitioner neither sought nor received authorization from the court of appeals before filing second or

1

successive petition). Accordingly, the Court **REFERS** the Petition to the Ninth Circuit as a second or successive petition, pursuant to Ninth Circuit Rule 22-3(a).

## BACKGROUND AND DISCUSSION

Matthew Alan Lawrie ("Petitioner") is currently serving a prison term of 50 years to life, pursuant to his May 31, 2006 conviction for first degree murder (Cal. Penal Code § 187(a)), and being found to have personally and intentionally discharged a firearm causing death (Cal. Penal Code § 12022.53(d)). See Lodgment No. 4 at 561.

On May 12, 2010, Petitioner filed his first federal petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2254, claiming his federal constitutional right to due process was violated based on the three evidentiary issues raised in the direct appeal. See Lodgment No. 18; Lawrie v. Cate, Case No. 10cv1034-DMS-PCL, ECF No. 1 (S.D. Cal. May 12, 2010). Specifically, Petitioner argued that the trial court erroneously (1) admitted evidence of pretext calls to his cell phone; (2) admitted irrelevant bad character evidence in the form of written threats to the victim; and (3) refused to suppress testimony identifying Petitioner's truck at the crime scene near the time of the shooting. Id. On August 29, 2011, Magistrate Judge Louisa S. Porter issued a report rejecting the claims and recommending the first petition be denied with prejudice. See Lodgment No. 18. On October 5, 2011, this Court adopted Judge Porter's report and recommendation, and denied Petitioner's first federal *habeas* petition. See Lodgment Nos. 19, 20. The Ninth Circuit denied a certificate of appealability on October 22, 2012. See Lodgment No. 21.

On June 6, 2016, Petitioner constructively filed the instant Petition, pursuant to 28 U.S.C. § 2254, in which he challenges the same conviction as in his prior federal *habeas* petition. See Doc. No. 1. The instant Petition raises four claims that were not presented in Petitioner's prior federal petition. Specifically, Petitioner asserts claims concerning probate and paying expert witnesses, which, he argues, blocked his ability to access funds to pay an expert. On August 11, 2016 Warden William Muniz ("Respondent") moved to dismiss the Petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases, arguing, *inter alia*, that the Petition is an unauthorized second or successive petition because Petitioner is, for

1  a second time, attempting to overturn his conviction, stemming from San Diego County
2  Superior Court case SCN 160404, and his first decision was decided on the merits. See
3  Doc. No. 16. Indeed, Respondent contends that Petitioner was not entitled to file the instant
4  Petition because he failed to obtain leave from the Ninth Circuit Court of Appeals. Thus,
5  Respondent maintains that the Petition must be dismissed. Id.

6        On December 13, 2016, Judge Porter issued the R&R, recommending that the instant
7  Petition be dismissed as successive pursuant to 28 U.S.C. § 2244(b)(3), or untimely
8  pursuant to 28 U.S.C. § 2244(d). See Doc. No. 35 at 15. On January 1, 2017, Petitioner
9  filed objections to the R&R. See Doc. No. 38. Notably, Petitioner's objections include
10 neither a response nor a denial that his Petition is second or successive under 28 U.S.C. §
11 2244(b)(3). See generally id. Instead, Petitioner specifically objects to (1) Judge Porter's
12 untimeliness finding [id. at 8 ¶¶ 23-27]; (2) the Ninth Circuit's October 22, 2012 denial of
13 a certificate of appealability, [id. at 6 ¶¶ 16-27]; and (3) "whether (AEDPA) applies at all
14 to [P]etitioner's case[,]" contending that this Court is required "to ignore the (R and R)
15 discussion of the (AEDPA) rules found on p.6 through 11 [of the R&R] because they are
16 moot, on the dismissal procedural grounds[,]" [id. at 7-8].

17       Ultimately, Petitioner appears to ask the Court to exercise discretion in granting his
18 Petition. See generally id. However, this Court is not vested with such discretion. Ninth
19 Circuit Rule 22-3(a) states:

20       (a) **Application**. Any petitioner seeking leave to file a second or
21       successive 2254 petition or 2255 motion in district court must
22       seek leave under 28 U.S.C. §§ 2244 or 2255. An original and five
23       copies of the application must be filed with the Clerk of the Court
24       of Appeals. No filing fee is required. If a second or successive
25       petition or motion, or application for leave to file such a petition
26       or motion, is mistakenly submitted to the district court, **the**
27       **district court shall refer it to the court of appeals**.

28

(Emphasis added). Petitioner's first federal *habeas* petition presented claims that the trial court erroneously admitted evidence, admitted irrelevant bad character evidence, and refused to suppress testimony identifying Petitioner's vehicle at the crime scene near the time of the shooting. See Lodgment Nos. 19, 20. That petition was denied on the merits, dismissed with prejudice, and the Ninth Circuit subsequently denied a certificate of appealability. Lodgment Nos. 18, 21. Now, in the instant Petition, Petitioner raises four additional claims arising from the same criminal matter, attacking the same conviction. See Doc. No. 1. The Court finds that the instant Petition is a "prime example" of a second or successive *habeas* petition. See Hill v. Alaska, 297 F.3d 895, 899 (9th Cir. 2002) (holding that a second-in-time *habeas* petition which attacks a prisoner's underlying conviction for the second time is a "prime example of a 'second or successive' petition under § 2244(b)."). Consequently, 28 U.S.C. § 2244(b)(3) required Petitioner to move the Ninth Circuit Court of Appeals for an order authorizing this Court to consider his June, 2016 Petition. There is no indication in the record that Petitioner attempted to comply with the requirements of this section.

Accordingly, the Court finds that the instant Petition should be (1) treated as "second or successive;" (2) **DENIED** for lack of jurisdiction; and (3) **REFERRED** in accordance with Ninth Circuit Rule 22-3(a). See 28 U.S.C. § 2244(b); see also Burton, 549 U.S. at 153.

## CONCLUSION AND ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. The Petition is **DENIED** and this action is **DISMISSED** without prejudice because it is successive, Petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition, and this Court lacks jurisdiction to consider it.

2. The Clerk of the Court shall refer the Petition to the United States Court of Appeals for the Ninth Circuit, pursuant to Ninth Circuit Rule 22–3(a).

//
//

3. The Clerk shall serve copies of this Order, the United States Magistrate Judge's Report and Recommendation, and the Judgment herein on Petitioner and on any counsel for Respondent.

**IT IS SO ORDERED**.

DATED: March 6, 2017

_____
JOHN A. HOUSTON
United States District Judge